UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD HILMAN,

    Plaintiff,

v.

                                                    Case No. 05-CV-73162-DT

AMERICAN AXLE & MANUFACTURING, INC.,

    Defendant.

                                                /

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DKT. # 3];
DENYING DEFENDANT'S MOTION TO CONSOLIDATE [DKT. # 4];
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. # 5]**

Plaintiff initiated this action on August 15, 2005, asserting that Defendant American Axle & Manufacturing, Inc. ("AAM") violated the Family Medical Leave Act, 29 U.S.C. § 2617(a)(2) ("FMLA") when Plaintiff was terminated in September 2003. Now pending before the court are three motions filed by Defendant AAM: a motion to dismiss, filed on September 2, 2005; a motion to consolidate, filed on September 8, 2005, and a motion for summary judgment, filed on September 8, 2005. Having reviewed the briefs, the court concludes a hearing on the motions is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny all of Defendant's motions.

**I. BACKGROUND**

Defendant's allegations in all three of its motions center around a related case, which was removed from Wayne County Circuit Court by Defendant on April 21, 2004,

remanded by this court on July 27, 2004, removed by for a second time by Defendant on August 18, 2005, and remanded again by this court on September 30, 2005. Defendant maintains that the procedural history of the related case precludes the assertion of the instant action in federal court.

### A.  The Related Case, 04-CV-71490

Plaintiff originally filed a complaint in Wayne County Circuit Court on March 19, 2004.  Plaintiff, a former employee of Defendant AAM and member of United Auto Workers ("UAW") Local 235, brought the action against AAM, Michael Thompson (his former supervisor), Brian Speller (an AAM General Supervisor), and Devrick Brown (his union representative).  Plaintiff's complaint included four counts: (1) a claim for tortious interference with a business relationship brought against Defendants Thompson, Speller, and Brown; (2) a claim of civil conspiracy brought against Defendants Thompson, Speller, and Brown; (3) a claim for intentional infliction of emotional distress brought against Thompson, Speller, and Brown; and (4) a claim for wrongful discharge in violation of the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 et. seq., brought against Defendant AAM.

Pursuant to 28 U.S.C. § 1441, Defendants filed a notice of removal in this court on April 21, 2004 alleging that "although Plaintiff has alleged state law tort claims in this case, those claims are completely preempted by Section 301 of the Labor Management Relations Act [29 U.S.C. § 185]" and present federal questions pursuant to 28 U.S.C.  § 1331.  (Case No. 04-71490, 4/21/04 Notice of Removal at 2-3.)  Defendants also alleged that some of the state tort claims are preempted by the National Labor Relations Act with exclusive jurisdiction to hear such claims residing with the National Labor

Relations Board. *See* 29 U.S.C. §§ 157, 158; *San Diego Building Trades v. Garmon*, 359 U.S. 236 (1959). Nowhere in Defendants' notice of removal did Defendants assert that Plaintiff was bringing an action under the Family and Medical Leave Act, 28 U.S.C. § 2601 ("FMLA").

Thereafter, Plaintiff filed a motion to remand on May 18, 2004, arguing that his complaint alleged only state law claims, and that these state law claims were not preempted by § 301 of the Labor Management Relations Act. Plaintiff further argued that removal was inappropriate under 28 U.S.C. § 1441 because no federal question was implicated. The court disagreed, and on July 2, 2004, the court denied the motion to remand. Specifically, the court found that Counts I, II and III were preempted by 29 U.S.C. § 185.

Apparently in response to this order, Plaintiff filed a "Discontinuance" on July 19, 2004, indicating that he was "discontinuing" Counts I, II, and III against Defendants, and asking the court to remand the case to state court in light of that "discontinuance." Defendants immediately filed a response to the "Discontinuance," stating that they would only stipulate to dismissal of Counts I, II and III if the dismissal was with prejudice. (Case No. 04-71490, 7/23/04 Response at 1-2.) The court conducted an on-the-record telephone conference on July 27, 2004. The transcript of the July 27, 2004 telephone conference reveals that there was neither a waiver of any purported FMLA claim, nor even a mention of any purported FMLA claim. (*See* Case No. 05-73196, 7/27/04 Tr., attached as Ex. 2 to Pl.'s 9/28/05 Resp. to Def.'s Mot. to Consolidate.) Thereafter, the court issued an order dismissing Counts I, II and III, and remanding the action to state court. The court stated:

3

> [O]n July 26, 2004, the court conducted an on-the-record telephone conference at which Plaintiff agreed to voluntarily withdraw counts one, two, and three with prejudice and with each party to bear their respective costs.  The court accepted Plaintiff's withdrawal of the federally preempted claims.  Plaintiff's withdrawal of the first three counts leaves only count four, which states a purely state law claim, remaining in this case.  The court, however, declines to exercise supplemental jurisdiction over the remaining state law claim and will remand to state court pursuant to 28 U.S.C. § 1367(c).

(Case No. 04-71490, 7/27/04 Order at 2.)

The case then proceeded in state court through discovery, case evaluation, and the filing of dispositive motions.

### B.  The Current Case

On August 15, 2005, Plaintiff filed a case in federal court against AAM, seeking relief under FMLA.  Plaintiff's complaint is based on essentially the same underlying facts as those which were presented in the related state court action.[1]  Defendant contends that Plaintiff waived any cause of action under the FMLA when the related case, 04-CV-71490, was remanded to state court on July 27, 2004.  Plaintiff disputes this characterization, and maintains that there has never been any waiver of a claim under the FMLA.

### II.  STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to

---

[1] On August 18, 2005, Defendants filed another notice of removal, which once again removed the Wayne County action to this court.  (*See* Case No. 05-73196.)  That action was remanded, once again, on September 30, 2005.

relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III. DISCUSSION

#### A. Motion to Consolidate

The court can quickly dispose of Defendant's September 8, 2005 motion to consolidate. The case with which Defendant seeks to consolidate this case has already been remanded and is no longer pending before the court so as to allow a

consolidation.[2] (*See* Case No. 05-73196, 9/30/05 Order). The court remanded case number 05-73196 for lack of subject matter jurisdiction. Defendants argue that this case should be consolidated with the related case because they involve almost identical factual and legal allegations. While it is true that the two cases overlap to a great extent, the court cannot consolidate where, as here, it lacks jurisdiction over one of the two actions. *See Bristol-Myers Squibb Co. v. Safety Nat. Cas. Corp.* 43 F. Supp. 2d 734, 745 (E.D.Tex. 1999) (citing *Johnson v. Manhattan Ry.,* 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933)) ("Thus, there must be separate jurisdictional bases for each action prior to any consolidation. If not then the case lacking a separate jurisdictional bases must be remanded."). Accordingly, Defendant's motion to consolidate will be denied.

### B. Motion to Dismiss

The court will also deny Defendant's motion to dismiss. Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides that a complaint will be dismissed when it fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). Defendant's motion, however, does not attack the merits of Plaintiff's complaint, or argue that Plaintiff's allegations, if true, would not

---

[2] Defendants seek to consolidate under Federal Rule of Civil Procedure 42. Under Rule 42:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42.

constitute a violation of law.[3]  Instead, Defendant argues that the court must dismiss Plaintiff's complaint because Plaintiff waived any right to assert a claim under the FMLA when the court originally remanded the related case on July 27, 2004.  As Plaintiff points out, this argument primarily relies on factual assertions outside of the pleadings, which is generally improper in a Rule 12(b)(6) context and will instead be considered with respect to the motion for summary judgment.

There are some exceptions to this rule.  "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although *matters of public record, orders*, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account."  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis added) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).  Thus, the court may review the docket of the related case, 04-CV-71490, to determine if the public record clearly establishes that Plaintiff has waived any right to relief under the FMLA.

---

[3] Indeed, Plaintiff has alleged sufficient facts which, if proven, would establish a violation of the FMLA.  The FMLA entitles an eligible employee to as many as twelve weeks of leave during a twelve-month period if the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  The statute defines "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider."  *Id.* at § 2611(11).  An employee seeking to use his FMLA leave must notify the employer that FMLA-qualifying leave is needed.  *Arban v. West Publ'g Corp.*, 345 F.3d 390, 400 (6th Cir. 2003); *Chandler v. Specialty Tires of Am.*, 283 F.3d 818, 827 (6th Cir. 2002).  Plaintiff alleges that he suffered a serious health condition, that he was an "eligible employee" under the FMLA, and that he was discriminated against and discharged for attempting to assert his FMLA rights in violation of 29 U.S.C. § 2615.  (*See* Compl. at ¶ 27-36.)  These allegations sufficiently state a claim under the FMLA.

Nonetheless, a review of the related case docket does not support Defendant's contention that Plaintiff waived a claim under the FMLA.  First, it does not appear to the court that an FMLA claim was asserted in Plaintiff's March 19, 2004 complaint.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank,* 299 U.S. 109, 112-13 (1936)).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*

In this case, while Plaintiff's March 19, 2004 complaint mentions the FMLA, it does not appear to the court that Plaintiff intended to assert a claim under the FMLA in the original state court action.  Indeed, despite the fact that federal question jurisdiction was hotly contested by Plaintiff when the case was first before the court on removal, nowhere in the record is there any suggestion by either the parties or the court that a cause of action was being asserted under the FMLA.  While Defendants *now* argue that such was the case, they have not directed the court to anywhere in the record where this argument was previously advanced.

The sole basis for removal in Defendants' April 21, 2004 notice of removal was that Plaintiff's state law claims were preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  (Case No. 04-71490, 4/21/04 Notice of Removal at 2-3.)  At no time was the FMLA mentioned in opposition to Plaintiff's May 18, 2004 motion to remand, nor was it mentioned in the court's July 2, 2004 order granting that motion.  Finally, and most importantly, the court's July 27, 2004 order

8

dismissing Counts I, II and III of Plaintiff's complaint and remanding the case to state court contains no support for Defendants' assertion that remand was allowed only after Plaintiff waived his purported FMLA claim. Indeed, the court noted only Plaintiff had agreed to withdraw its federally preempted claims and that the only remaining claim asserted an action under state law. (See Case No. 04-71490, 7/27/04 Order; see also 7/27/04 Tr., Case No. 05-73196, attached as Ex. 2 to Pl.'s 9/28/05 Resp. to Def.'s Mot. to Consolidate.) Thus, Defendants' current argument that Plaintiff had previously asserted an FMLA claim against them is not clearly supported by the court record.[4] The court will thus deny the motion to dismiss for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### C. Motion for Summary Judgment

Finally, Defendant filed a motion for summary judgment on September 8, 2005. Having reviewed the motion, the court is convinced that the motion is entirely inappropriate and it will be summarily denied. The motion argues that Defendant is entitled to summary judgment on Plaintiff's cause of action under Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") (MCL § 37.1101, *et seq.*). Plaintiff has not

---

[4] The court bases its decision solely on the court record, and views the record in a light most favorable to Plaintiff, as is appropriate in a Rule 12(b)(6) context. The court does not foreclose the possibility that the waiver issue may be revived as a triable issue. It would be Defendant's burden to establish that Plaintiff voluntarily and knowingly relinquished a known right to assert an FMLA claim. See, generally, *Mitchell v. Mutual Life Insurance*, ,No. 97-5182, 1997 WL 693437, at * 2 ("It is a fundamental principle of law that a waiver requires a voluntary and knowing relinquishment of a known right or a known advantage.") (quoting *In re Urbanco, Inc.*, 122 B.R. 513, 517 (Bankr. W.D. Mich. 1991)). Such an argument could likely not be advanced in a summary judgment motion, however, in light of the affidavits attached to Plaintiff's response to Defendant's motion to dismiss which dispute the existence of a waiver.

asserted a PWDCRA cause of action in this case. It appears that Defendant filed the motion for summary judgment in the event that the court granted the motion to consolidate and ordered that this case consolidated with the related state court action in which Plaintiff brought the PWDCRA claim. Inasmuch as the court did not grant the motion to consolidate, the arguments asserted in the motion for summary judgment are inapplicable to this case. The motion will therefore be denied without prejudice.[5]

### IV.  CONCLUSION

IT IS ORDERED that Defendant's motion to consolidate [Dkt # 4] and motion to dismiss [Dkt. # 3] are DENIED.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 5]  is DENIED WITHOUT PREJUDICE.

Finally, Defendant is DIRECTED to file its answer to Plaintiff's complaint on or before **October 26, 2005.**

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

---

[5] The court notes that portions of arguments contained within the motion for summary judgment may be applicable to the instant case, and may be brought at a later date in this case. The court will not, however, ferret through the current motion for summary judgment in an attempt to craft Defendant's argument, nor will the court force Plaintiff to respond to a motion which is not tailored to the facts or law presented in this case.