UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD HILMAN,

    Plaintiff,

v.

                                       Case No. 05-CV-73162-DT

AMERICAN AXLE & MANUFACTURING, INC.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is Defendant American Axle & Manufacturing, Inc.'s "Motion to Dismiss Plaintiff's Complaint Because it is Barred by Res Judicata." The matter has been fully briefed, and the court concludes a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons discussed below, the court will grant the motion.

**I. BACKGROUND**

Plaintiff originally filed a complaint in Wayne County Circuit Court on March 19, 2004, alleging facts relating to his termination in September of 2003. Plaintiff, a former employee of Defendant AAM and member of United Auto Workers ("UAW") Local 235, brought the action against AAM, Michael Thompson (his former supervisor), Brian Speller (an AAM General Supervisor), and Devrick Brown (his union representative). Plaintiff's complaint included four counts: (1) a claim for tortious interference with a business relationship brought against Defendants Thompson, Speller, and Brown; (2) a

claim of civil conspiracy brought against Defendants Thompson, Speller, and Brown; (3) a claim for intentional infliction of emotional distress brought against Thompson, Speller, and Brown; and (4) a claim for wrongful discharge in violation of the Michigan Persons with Disabilities Civil Rights Act (the "PWDCRA"), Mich. Comp. Laws § 37.1101 et. seq., brought against Defendant AAM.  Plaintiff's March 19, 2004 complaint did not bring a claim under the Family and Medical Leave Act, 28 U.S.C. § 2601 (the "FMLA").

Pursuant to 28 U.S.C. § 1441, Defendants filed a notice of removal in this court on April 21, 2004 alleging that "although Plaintiff has alleged state law tort claims in this case, those claims are completely preempted by Section 301 of the Labor Management Relations Act [29 U.S.C. § 185]" and present federal questions pursuant to 28 U.S.C. § 1331.  (Case No. 04-71490, 4/21/04 Notice of Removal at 2-3.)  Defendants also alleged that some of the state tort claims are preempted by the National Labor Relations Act with exclusive jurisdiction to hear such claims residing with the National Labor Relations Board.  See 29 U.S.C. §§ 157, 158; San Diego Building Trades v. Garmon, 359 U.S. 236 (1959).

Thereafter, Plaintiff filed a motion to remand on May 18, 2004, arguing that his complaint alleged only state law claims, and that these state law claims were not preempted by § 301 of the Labor Management Relations Act.  The court denied the motion to remand on July 2, 2004.  Plaintiff subsequently filed a "Discontinuance," indicating that he was "discontinuing" Counts I, II, and III against Defendants, and asking the court to remand the case to state court in light of that "discontinuance." (Case No. 04-71490, 7/19/04 "Discontinuance".)  Following an on-the-record telephone conference, the court issued an order dismissing Counts I, II and III with prejudice,

2

leaving only Count IV (the PWDCRA claim), and remanding the action to state court. (Case No. 04-71490, 7/27/04 Order at 2.)

The case then proceeded in state court through discovery, case evaluation, and the filing of dispositive motions. On August 15, 2005, Plaintiff filed this case in federal court against AAM, seeking relief under the FMLA. Plaintiff's complaint is based on essentially the same underlying facts as those which were presented in the related state court action.[1] On November 17, 2005, Wayne County Circuit Court Judge Kathleen MacDonald granted AAM's motion for summary disposition in the state court action and dismissed Plaintiff's claim under the PWDCRA. (Def.'s Ex. B.) Defendant now argues that the instant federal claim must be dismissed under the doctrine of res judicata.

## II. STANDARD

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give a state court judgment the same preclusive effect it would have under the law of the state whose court issued the judgment. *Heyliger v. State University and Community College System of Tennessee* 126 F.3d 849 (1997), 851-52 (6th Cir. 1997) (citing *Migra v. Warren City School Dist.,* 465 U.S. 75, 81 (1984); *Allen v. McCurry,* 449 U.S. 90, 96 (1980)).

Under Michigan law, res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. *Dart v. Dart,* 597 N.W.2d 82, 88 (Mich. 1999) (citing *Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz,* 521 N.W.2d 847

---

[1] On August 18, 2005, Defendants filed another notice of removal, which once again removed the Wayne County action to this court. (*See* Case No. 05-73196.) That action was remanded, once again, on September 30, 2005.

(Mich. Ct. App. 1994)). Under the doctrine of res judicata, the subsequent action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Id.* (citation omitted). In applying this test, "Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (citing *Gose v. Monroe Auto Equipment Co.,* 294 N.W.2d 165 (Mich. 1980); *Sprague v. Buhagiar,* 539 N.W.2d 587 (Mich. Ct. App. 1995)).

### III. DISCUSSION

Defendant argues that, as of November 17, 2005, when Judge MacDonald granted Defendant's motion for summary disposition in the state court action and dismissed Plaintiff's PWDCRA claim, Plaintiff can no longer maintain his FMLA claim in this court. Defendant argues that res judicata bars Plaintiff's federal action because (1) both actions involve the same parties; (2) Plaintiff could have brought his FMLA claim in the state court action; and (3) the first action was decided on the merits.

Plaintiff does not dispute that both actions involve the same parties, nor can he dispute that the first action was decided on the merits, inasmuch as the state court granted Defendant's motion for summary disposition. (*See* Def.'s Mot. at Ex. B.) Instead, Plaintiff argues that this federal action is not a "subsequent action" and that the essential facts of the two lawsuits are not identical. (Pl.'s Br. at 1-3; *see also Dart,* 597 N.W.2d at 88 (holding that res judicata bars a subsequent action between the same

parties when the evidence or essential facts are identical).) The court will reject Plaintiff's arguments and grant Defendant's motion.

### A. "Subsequent Action"

Plaintiff first argues that this action is not a "subsequent action" because he initiated it on August 15, 2005, three months before a final judgment was issued in the state court action, and this action was therefore a concurrent, not a subsequent, action. (Pl.'s Resp. Br. at 1-3.) Plaintiff further argues that at the moment he filed his FMLA claim in this court, federal jurisdiction attached and this court's jurisdiction cannot be "ousted by later developments." (*Id.* at 2 (citing *Maysonet-Robles v. Cabrero*, 323 f3d 43, 49 (1st Cir. 2003)). The court, however, is not persuaded.

First, the fact that the two actions were, at one point, proceeding simultaneously does not mean that this action is not "subsequent" to the state court action. Instead, "[w]hen such actions proceed simultaneously, as here, the first judgment entered must be regarded as res judicata for issues in the remaining case." *Lesher v. Lavrich*, 784 F.2d 193, 196 (6th Cir. 1986). Thus, the November 17, 2005 dismissal order operates as res judicata for Plaintiff's FMLA claim, regardless of the fact that the federal complaint was filed while the state claim was still proceeding.

Moreover, the fact that this court undoubtedly has subject matter jurisdiction over the FMLA claim is irrelevant to the issue of whether the doctrine of res judicata allows the court to exercise that jurisdiction. Plaintiff's reliance on the "time of filing rule" is misplaced. Plaintiff argues that jurisdiction attached to the FMLA claim on August 15, 2005, and thereafter the state court "no longer had jurisdiction of the FMLA claim, and could not lawfully decide that claim." (Pl.'s Br. at 2.) Plaintiff cites *Penn General*

5

*Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader,* 294 U.S. 189, 196 (1935), for the proposition that "[w]here the assertion of jurisdiction by the two courts is nearly simultaneous, it becomes important . . . to determine the precise time when the jurisdiction attaches . . . .[T]hat one whose jurisdiction and process are first invoked . . . is treated . . . as authorized to proceed with the cause." *Id.*  This rule, however, only applies to in rem or quasi in rem proceedings, as the Supreme Court made clear:

> *Where the judgment sought is strictly in personam, for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as res adjudicata in the other. . . .  But, if the two suits are in rem or quasi in rem, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, . . . and to protect the judicial processes of the court first assuming jurisdiction, . . . the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.*

*Id.* at 195 (emphasis added).  Neither this action nor the state court action qualify as in rem or quasi in rem proceedings.  Rather, the judgment was sought by Plaintiff in both cases strictly in personam and thus "both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, *at least until judgment is obtained in one court which may be set up as res adjudicata in the other*." *Id.* (emphasis added).

This is exactly the situation in this case.  Plaintiff choose to split his claims in federal and state courts, which he is entitled to do, but the moment that a judgment was entered in the one of the cases, that judgment operates as res judicata in the other case.  *See Lesher*, 784 F.2d at 195; *see also Hutcherson v. Lauderdale County,*

*Tennessee,* 326 F.3d 747, 758 (6th Cir. 2003) (holding that plaintiffs who choose to split their cause of action are barred from later asserting "saved" alternative claims against the same defendant).

### B. "Essential Facts"

It is also immaterial that the elements of an FMLA claim and a PWDCRA claim are not identical, and thus Plaintiff's attempts to distinguish the claims are in vain. (*See* Pl.'s Br. at 4-9.) Indeed, Plaintiff relies primarily on *Jones v. State Farm Mut. Auto. Ins. Co.,* 509 N.W.2d 829, 834 (Mich. Ct. App. 1993) to argue that the elements of the two claims must be identical for res judicata to apply, but even the *Jones* court stated that "[t]he test for determining whether two claims arise out of the same transaction and are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two actions. . . . *A comparison of the grounds asserted for relief is not a proper test.*" *Id.* at 834 (emphasis added) (citing *Schwartz v. City of Flint,* 466 N.W.2d 357 (Mich. Ct. App. 1991), 46 Am Jur 2d, Judgments, § 413, p 580). Indeed, *Jones* reinforced that "Michigan has adopted the 'broad' application of res judicata, which bars claims arising out of the same transaction that plaintiff *could have brought but did not*, as well as those questions that were actually litigated." *Id.* at 834 (emphasis added).

There can be no serious debate that Plaintiff could have brought his FMLA claim in his state court action. Both complaints relate to Defendant's termination of Plaintiff in September of 2003 and the events leading up to his discharge. Plaintiff's state court PWDCRA claim asserted that Defendant unlawfully discriminated against Plaintiff and violated the PWDCRA by terminating Plaintiff because of his disability. (*See* State

Court Compl. at Count V, Def.'s Mot. at Ex. A.)  Plaintiff's state court complaint specifically asserted that Plaintiff had been utilizing the leave afforded him under the FMLA leading up to his termination.  (*See id.*)  Plaintiff's federal court complaint asserts that he was terminated in violation of the FMLA.  (*See, generally,* Fed. Court Compl.)  Both complaints assert that Plaintiff was terminated as a result of events that transpired on September 23, 2003, when Plaintiff attempted to utilize his pre-approved FMLA leave.  (*See* State Court Comp. at ¶¶ 34-46; Fed. Court Compl. at ¶¶ 13-25.)  There is simply no question that the same essential facts are at issue in both cases.

Moreover, under Michigan law, res judicata applies "not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."  *Dubuc v. Green Oak Tp.,* 117 F. Supp. 2d 610, 622 (E.D. Mich. 2000) (citing *VanderWall v. Midkiff,* 463 N.W.2d 219 (Mich. Ct. App. 1990)).  Plaintiff could have certainly brought the FMLA claim, which involves the same underlying events, at the same time it brought his state court claim.  As the Sixth Circuit once explained in an unpublished case:

> [N]othing in this situation required the plaintiffs to split their claims between state and federal court.  In this instance, plaintiffs, for whatever reason, tactical or otherwise, split their claims between state and federal court. It is this decision on the part of plaintiffs which makes the res judicata bar applicable in this case. There is nothing unfair or manifestly unjust in making plaintiffs bear the consequences of their own decision to bring their claims separately in state and federal court. This is particularly true where, as here, plaintiffs' decision to split their claims flies in the face of the policy considerations underlying Ohio's doctrine of res judicata--the saving of time and court congestion by encouraging parties to litigate all

their claims in one action unless confusion and prejudice would result. *Longstreth v. Franklin County Children Services,* No. 93-3190, 1993 WL 533484, *6 (6th Cir. Dec. 21, 1993). Likewise, nothing in this case required Plaintiff to split his cause of action between state and federal court. Federal courts do not have exclusive jurisdiction over FMLA claims, and Plaintiff could have asserted his claim in state court. *See* 29 U.S.C. § 2617(a)(2); *see also Obeid v. Meridian Automotive Systems,* 296 F. Supp. 2d 751, 753 n.1 (E.D. Mich. 2003). Because Plaintiff chose not to, in contravention of Michigan's policy against claim splitting,[2] his federal action is now barred.

### C. Failure to Plead Res Judicata as an Affirmative Defense

Finally, Plaintiff argues that Defendant has waived its right to assert res judicata because it failed to assert a res judicata affirmative defense when it filed its answer and affirmative defenses on October 26, 2005. Plaintiff cites *Old Line Life Ins. Co. of America v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005) for the general rule that "failure to plead an affirmative defense results in a waiver of that defense." *Id.* In this case, however, the defense of res judicata was not available to Defendant until the state court issued its final order on November 17, 2005. The defense is therefore not barred because Defendant timely moved to dismiss this action on res judicata grounds within one month after the defense became available to it. *See Belluardo v. Cox Enterprises*,

---

[2] *See Schwartz v. City of Flint*, 466 N.W.2d 357, 359 (Mich. Ct. App. 1991) ("The doctrine of res judicata is a manifestation of the recognition that interminable litigation leads to vexation, confusion, and chaos for the litigants, resulting in the inefficient use of judicial time.") (citing *Rogers v. Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 275 N.W.2d 499 (Mich. 1979); *Sherrell v. Bugaski,* 425 N.W.2d 707 (Mich. Ct. App. 1988)).

No. 04-3505, 2005 WL 3078632 (6th Cir. Nov. 18, 2005) (finding, in an almost procedurally identical case, that defendants did not waive their affirmative defense of res judicata when they brought a dispositive motion as soon as state court case was final and the defense became available to them in the federal court case).

Moreover, the Sixth Circuit has "recognized that not every failure to plead res judicata as an affirmative defense, pursuant to the requirements of Fed. R. Civ. P. 8(c), will result in a waiver of that defense." *Lesher*, 784 F.2d 196; *see also Dubuc v. Green Oak Township*, 312 F.3d 736 (6th Cir. 2003) ("Michigan courts have even been willing to overlook a defendant's failure to object to non-joinder when it is apparent that *res judicata* should apply."). In this case, while Defendant did not assert res judicata as an affirmative defense in its initial pleading, it in no way acquiesced to Plaintiff splitting his claims between the state court and federal court. Indeed, after Plaintiff filed his FMLA complaint, Defendant immediately brought a motion to dismiss and a motion to consolidate this case with the state court case. (*See* Docket Nos. 3 & 4.)

The court thus finds that Defendant did not waive the defense of res judicata by not asserting it in its initial affirmative defenses.

### IV. CONCLUSION

For the reasons discussed above, IT IS ORDERED that Defendant's "Motion to Dismiss Plaintiff's Complaint Because it is Barred by Res Judicata" [Dkt. # 15] is

GRANTED and this matter is DISMISSED WITH PREJUDICE.


        s/Robert H. Cleland                   
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 22, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 22, 2006, by electronic and/or ordinary mail.

        S/Lisa G. Wagner                    
Case Manager and Deputy Clerk
(313) 234-5522